UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| CARLOS M. RAMOS<br>   A74221995 | : | CIVIL ACTION NO: 2:13-cv-2299<br>SECTION P |
| | : | |
| VERSUS | | JUDGE MINALDI |
| | : | |
| UNITED STATES IMMIGRATION<br>AND CUSTOMS ENFORCEMENT,<br>ET AL | : | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint[1] filed *in forma pauperis* by plaintiff Carlos Ramos ("plaintiff"). At the time of filing, plaintiff was awaiting deportation at the Tensas Parish Detention Center in Waterproof, Louisiana. Named defendants herein are the United States Immigration and Customs Enforcement ("ICE"); the United States Immigration and Naturalization Service ("INS");[2] and two unnamed employees of ICE and INS (collectively, "defendants").

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons, **IT IS RECOMMENDED** that the complaint be **DISMISSED.**

### I. BACKGROUND

Plaintiff states that between February and March of 2008 he was interviewed by two unnamed agents of ICE and INS. Doc. 1, p. 2 At that time, plaintiff advised the defendants that he could not return to his home country of El Salvador due to gang-related threats against him.

---

[1] This claim is cognizable under *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, (1971) insofar as it alleges constitutional violations by federal employees.
[2] The court notes that INS was abolished in 2003. *See* http://www.uscis.gov/about-us/our-history.

-2-

*Id.* He contends that defendants did not investigate his claim but rather forced him to return to El Salvador without conducting a removal or asylum hearing. *Id.* at 2–3. Upon his return to El Salvador, plaintiff claims that he was shot by gang members. *Id.* at 3. Apparently, plaintiff later returned to the United States and was again ordered to be deported to El Salvador. He was awaiting deportation at the time he filed his complaint on July 16, 2013.

Plaintiff seeks injunctive and declaratory relief. Specifically, plaintiff requests a restraining order preventing the defendants from having any contact with him. Plaintiff also seeks compensatory damages for injuries caused by defendants' "failure to abate the anticipated harm" to him from gang violence. Doc. 1, p. 4.

## II. LAW AND ANALYSIS

### A. Screening

Plaintiff has been granted leave to proceed in forma pauperis under 28 U.S.C. § 1915. Under 28 U.S.C. § 1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

### B. *Removal/Deportation*

A search of the ICE's online database reveals no records pertaining to plaintiff's Alien-ID number. However, the court contacted Tensas Parish Detention Center via telephone, and an official at Tensas confirmed that plaintiff has been released from that facility and was removed to El Salvador on January 17, 2014. Because plaintiff has been released from custody, his claims for injunctive and declaratory relief are moot. *Cooper v. Sheriff, Lubbock County, Texas,* 929 F.2d 1078, 1084 (5th Cir. 1991); *Beck v. Lynaugh,* 842 F.2d 759, 762 (5th Cir. 1988).

### C. *No Actual Injury*

Plaintiff's only remaining claims against the defendants are for monetary damages. He seeks such damages based on his contention that the defendants did not take proper action to stop the anticipated harm that would befall him should he return to El Salvador.

To state a civil rights claim in this regard, plaintiff must allege an actual injury caused by the defendants' acts. *Auster Oil & Gas, Inc. v. Stream*, 835 F.2d 597, 602 (5th Cir. 1988) (citing *Memphis Cmty. Sch. Dist*., 477 U.S. at 307) ("[Section] 1983 is designed to compensate persons for actual injuries caused by the deprivation of constitutional rights.) Further, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury while in custody without a prior showing of physical injury . . . ." 42 U.S.C. § 1997e(e); *see also Siglar*, 112 F.3d at 193–94. The fact that a plaintiff alleges that he suffered stress, anxiety, or fear as a result of a defendant's actions (or failure to act) does not give rise to a violation of his constitutional rights.

Here, although plaintiff indicates that he was shot by gang members upon his return to El Salvador in 2008, his allegations against defendants are solely for mental and emotional distress

he suffered when the two unnamed agents did not act on his concerns. Accordingly, he fails to state a claim for actual injury, and his claims do not rise to the level of a constitutional violation.

### III. CONCLUSION

For the foregoing reasons:

**IT IS RECOMMENDED** that plaintiff's civil rights claims for injunctive and declaratory relief be **DISMISSED WITHOUT PREJUDICE** as moot.

**IT IS ALSO RECOMMENDED** that plaintiff's claims for compensatory damages be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), any party aggrieved by this Report and Recommendation has 14 days from its service to file specific, written objections with the clerk of court. A party may respond to another party's objections within 14 days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation 14 days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Ass'n*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 21st day of July, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE